Harry Wainer, originally named defendant but who has died during the course of this litigation, built up a large business in New Orleans dealing in the skins and furs of animals. In the course of time his two sons, George and Uri Wainer, and his son-in-law, Harry Blackman, entered the business with him and it continued to prosper. Differences arose among the owners of the business and resort was had to the Civil District Court for the Parish of Orleans for a determination of the nature of the relationship existing between them. That court held the business to be a partnership, and from this judgment an appeal was taken.
While the appeal was pending the litigants became convinced that their differences could not be reconciled, and having thus disagreed apparently on everything else, they agreed to settle their differences by compromise. After several documents had been prepared and discarded, all of the terms and conditions of the contemplated compromise were agreed upon and a written agreement was prepared and executed by all of the parties. Under this agreement Harry Wainer sold his interest in the business to the present plaintiffs. This feature of the contract is evidenced by the following paragraph:
[3] "The said Vendor, does hereby bargain, sell, grant, convey, transfer, and deliver unto the said Vendees all of his right, title and interest unto the business known as H. Wainer Company, including all of the property, stock in trade and book and other debts, credits, contracts, assets, effects, profits, business of the said business."
A very substantial price was paid to Wainer.
The business had been conducted at 508 Iberville Street, and it is conceded that Wainer permitted the plaintiffs to take from that place of business most of the movable property formerly belonging to the business. The plaintiffs maintain, however, that when they returned to secure certain articles which they had not at first taken and which articles are listed in their petition, they were unable to secure them because Wainer had changed the lock on the door of that building and had then claimed that the articles which remained in it and which, as we have said, are listed in the petition, belonged to him personally, had never formed a part of *Page 679 
the business, and had not been contemplated in the compromise agreement. Thereupon the plaintiffs, George and Uri Wainer and Harry Blackman, brought this suit praying that they be declared the owners of the said movables, and that the said articles be sequestered and taken into the possession of the Civil Sheriff. This was done and later, when the said Wainer failed to take advantage of the rights accorded him by Article 279 of our Code of Practice, the plaintiffs, themselves, after waiting ten days, proceeding in accordance with the provisions of that article, furnished the necessary forthcoming bond and themselves secured the possession of the articles.
Wainer then filed answer in which he denied that the articles sued for had belonged to the business which had formerly been conducted by him together with the plaintiffs. He asserted that they had belonged to him, personally, and had never been transferred to the plaintiffs, and were not contemplated in the compromise agreement. He asked that the writ of sequestration be dissolved, and, alleging that his reputation had been damaged and his health impaired, he prayed for judgment against plaintiffs in the sum of $60,000.
While the suit was pending Harry Wainer died and The National Bank of Commerce qualified as executor for his estate and has been substituted in this suit in his stead.
Wainer's second wife, Mrs. May Selzer Wainer, intervened and claimed that all of the articles listed belonged to Harry Wainer and had never been transferred by him to the plaintiffs but had been given to her by him prior to his death. She prayed that she be held to be the owner of these articles.
In the District Court there was judgment in favor of plaintiffs, and maintaining the writ of sequestration. The intervention of Mrs. Wainer was dismissed as was the reconventional demand for damages.
Mrs. Wainer has not appealed and the only question presented by the appeal is whether or not the articles sued for had belonged to the business of which Harry Wainer sold all of his interest to the plaintiffs.
By an overwhelming preponderance the record shows that the articles in question had been bought with funds of the former partnership and were such things as were customarily used in such business as had been conducted by it.
And the contract by which Wainer sold his entire interest to plaintiffs contains unequivocable language too plain to be misconstrued or to require explanation. That language in plain terms declares that Wainer sold to the plaintiffs "all of his right, title and interest * * * including all of the property * * *."
Counsel for defendant argues at length that a proper interpretation of that contract and an understanding of the negotiations which led up to its confection will induce the belief that Wainer did not intend to transfer those particular items.
It is well settled that where a written agreement is clear and unambiguous, parol testimony may not be resorted to to change its terms under the theory that the parol evidence is merely explanatory. In Henderson v. Stone, 1 Mart.,N.S., 639, our Supreme Court said:
"If the testimony offered either added to the written agreement, or diminished it, the court could not legally receive it; for it would have been contradicting by parol, what the parties had reduced to writing. If it neither increased nor diminished the stipulations it was useless. It was not admissible to explain the instrument; for it was clear and plain, and required no explanation."
That doctrine has been followed in this state, so far as we know, for generations.
It may well be, as counsel contends, that in some of the earlier rough drafts of the compromise agreement, which were discussed and discarded, there was language which would have excepted from the transfer these articles and would have shown that Wainer did not desire them to be included. But these rough drafts were all discarded and the contract which was finally agreed upon and executed contained no language which indicated any such exemptions or exceptions.
Two facts are crystal clear: First, that Harry Wainer transferred all that had formerly belonged to the business, and second, that the articles sued for had formerly belonged to that business.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed. *Page 680